IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD MACKEY, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 4:CV-05-2607 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| BUREAU OF PRISONS, et al., | : | |
| | : | |
| Defendants | : | |

## **ORDER**

January 30, 2006

Plaintiff Bernard Mackey ("Plaintiff" or "Mackey"), an inmate confined in the United States Penitentiary, in Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed this Bivens[1] styled civil rights action pursuant to 28 U.S.C. § 1331.  The required filing fee has been paid.  For the reasons outlined below, this action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A.

The Prison Litigation Reform Act includes a new section that relates to

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

screening complaints in prisoner actions where the inmate has not applied to proceed in forma pauperis. 28 U.S.C. § 1915A (added by § 805 of the Act). Section 1915A provides in pertinent part:

> (a) Screening. -- The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. .

The Defendants named in the complaint are as follows: the Bureau of Prisons; Joseph V. Smith, USP-Lewisburg Warden; Dave Moffat, USP-Lewisburg Camp Administrator; Joseph Brown, USP-Lewisburg Health Services Administrator; Paul Clemens, USP-Lewisburg Camp Commander; William A. Bogler and Samuel Gosa, USP-Lewisburg Camp Physician Assistants; Dr. Anthony Bussanich, USP-Lewisburg Physician; Dr. David J. Ball, Orthopedic Physician; Dr. Howard P. Schiele,

Radiologist; Stacey Dreese, Health Services Secretary; and R. Parky, USP-Lewisburg Prison Camp paramedic.

Plaintiff alleges that in May 2005, while at the USP-Lewisburg Prison Camp, he broke his left ankle and fibula bone. He states that he "seek[s] to file his case based on the fact that the Bureau of Prisons was negligent in their care and handling of his person as a ward of the Attorney General's Office" and that the "Bureau of Prisons Medical care that was rendered failed to correct the injury to which he sustained approximately seven months ago and still exists at this present date and time, despite the fact that the Plaintiff has been seen by Lewisburg's medical department along with the outside contract orthopedic physician for the Bureau of Prisons at Lewisburg." (Rec. Doc. 1, at 2, ¶ 1). Thus, Plaintiff filed the instant action, in which he seeks to be "seen by an entirely new group of physicians, to include a different outside orthopedic doctor to correct the injury [he] sustained in May, 2005." Plaintiff also seeks compensatory and punitive damages, as well as to "hold all parties it deems responsible/ accountable for being negligible toward the Plaintiff's medical care." (Rec. Doc. 1, at 3 ¶¶ 1-3).

**Discussion**

3

A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988)(Nealon, J.).

In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).

In order to establish a claim under § 1983 based on the Eighth Amendment, the plaintiff must show "a prison official's 'deliberate indifference' to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 827 (1994) (citing Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 U.S. 97 (1976)). An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. Estelle, 429 U.S. at 104 (1976); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). The official must know of and disregard an excessive risk to inmate health or

safety. Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment. . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. ) aff'd, 103 F.3d 691 (1996) (citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976). More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice may be subtle, it is well established that as long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of

5

Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).  "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice."  Estelle v. Gamble, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.  White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.  See McFadden v. Lehman, 968 F.Supp. 1001 (M.D. Pa. 1997); Young v. Quinlan, 960 F.2d 351, 358 n. 18 (3d Cir. 1992).  Additionally, a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment from the prison's medical staff.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  The key question is whether the defendant has provided the plaintiff with *some* type of treatment, regardless of whether it is what the plaintiff desires.  Farmer v. Carlson, 685 F. Supp. at 1339.

Assuming without reaching the issue of whether Plaintiff's injury is serious in

the constitutional sense, the allegations in the complaint clearly illustrate that Plaintiff has received medical attention. Plaintiff himself admits to having been seen on six separate occasions regarding his injury. (Rec. Doc. 1, at 2, ¶¶ 4-11). The allegations in Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence cannot serve as a predicate to liability under § 1983, Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim under § 1983. See White, 897 F.2d at 108-110. Thus, since Plaintiff's Complaint is "based on an indisputably meritless legal theory" (that the negligence of Defendants violated his Eighth Amendment rights), it will be dismissed without prejudice as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

Moreover, to the extent that Plaintiff names Superintendent Smith, USP-Lewisburg Camp Administrator, and Health Services Administrator Brown as Defendants, claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on a review of Plaintiff's complaint, it is apparent that he is relying solely upon a theory of respondeat superior as to such Defendants. Plaintiff fails to assert that these Defendants had any personal involvement in actions which resulted in a violation of his constitutional rights. Accordingly, these Defendants are entitled to dismissal.

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's complaint (doc. 1) is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. §

       1915A(b)(1).

2.    The Clerk of Court is directed to **CLOSE** this case.

3.    Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

                                            s/ John E. Jones III
                                            JOHN E. JONES III
                                            United States District Judge